UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRIAN WARREN,

        Petitioner,        Civil No. 4:16-CV-10648
                                       Honorable Terrence G. Berg

v.

SHERRY BURT,

        Respondent.
_____/

**ORDER TRANSFERRING MOTION FOR RELIEF FROM JUDGMENT TO
THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

        Brian Warren, who is currently in the custody of the Michigan Department of Corrections at Muskegon Correctional Facility in Muskegon, Michigan, has filed a Motion for Relief from Judgment (Dkt. 1). After considering the motion and the relief sought by Petitioner, the Court concludes that the action should be construed as a successive petition for writ of habeas corpus. Because Petitioner has not received authorization to file a successive petition from the Court of Appeals for the Sixth Circuit, the Court transfers the "motion" to the Court of Appeals.

I. **Background**

        In 1995, Petitioner was convicted by a jury in Calhoun County Circuit Court of one count of first-degree felony murder, one count of first-degree home invasion, two counts of first-degree criminal sexual conduct, one count of assault and battery, one count of kidnapping, and one count of unlawfully driving away an automobile. He was sentenced to life without parole for the felony-murder conviction, thirty to

sixty years for each of the criminal sexual conduct convictions, ninety days for the assault and battery conviction, thirty to sixty years for the kidnapping conviction, and three to five years for the unlawful driving away an automobile conviction. The trial court vacated the first-degree home invasion conviction because it served as the predicate felony for the felony-murder conviction. Petitioner's convictions were affirmed on direct appeal. *See People v. Warren*, 228 Mich. App. 336 (Mich. Ct. App. Feb. 27, 1998); *People v. Warren*, 462 Mich. 415 (Mich. 2000).

In 2000, Petitioner filed a petition for a writ of habeas corpus. The district court denied the petition on the merits. *Warren v. Jackson*, No. 00-73560 (E.D. Mich. May 24, 2001) (Cleland, J.) (ECF No. 41). Petitioner then filed eight motions in the district court, each of which was transferred to the Sixth Circuit Court of Appeals as an unauthorized successive petition for a writ of habeas corpus. (ECF Nos. 54, 57, 65, 70, 73, 75, 78 & 81). The Court of Appeals declined to authorize a successive petition in all of these instances.

Petitioner has now filed a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(6) & 60(d)(1).

 II. **Discussion**

Petitioner expressly seeks relief under Rule 60(d)(1) and 60(b)(6). He asks the Court to find the felony-murder statute, Mich. Comp. Laws § 750.316, and the first-degree home invasion statute, Mich. Comp. Laws § 750.110a, unconstitutional.

In *Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005), the Supreme Court held that a motion for relief from judgment that seeks to advance one or more

substantive claims, or attacks a federal court's previous resolution of a claim on its merits, qualifies as a second or successive § 2254 habeas petition. Petitioner's motion seeks to advance substantive claims challenging the validity of his convictions. Accordingly, Petitioner's motion is properly viewed as a successive petition under § 2254. Before a petitioner may file a successive § 2254 petition, he must obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). Petitioner's prior habeas petition was dismissed on the merits. He has not obtained from the Court of Appeals for the Sixth Circuit authorization to file a successive petition in this court. When a second or successive petition for habeas corpus relief is filed in the district court without prior authorization, the district court must transfer the petition to the Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, the Court ORDERS the District Court Clerk to transfer this case to the United States Court of Appeals for the Sixth Circuit.

**SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: May 25, 2016

### Certificate of Service

I hereby certify that this Order was electronically submitted on May 25, 2016, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager

3